Per Curiam.
The defendant in error sued four persons as makers of a promissory note ; pending the suit, one of the defendants died ; the plaintiff dismissed as to all of the surviving defendants, having first brought in the administrators by scire facias, and proceeded to judgment against the administrators of the deceased defendant, and this is assigned as error.
In the case of Henderson et al. v. Talbert, 5 S. & M. 109, we held that where one of three makers of a writing obligatory died pending the suit, the plaintiff might proceed against his administrators conjointly with the surviving defendants. That case seems to settle the principle of this. If the plaintiff may proceed against the administrators, he may dismiss as to any of the parties. They are but joint defendants. The argument that as the party elected to treat the note joint only by suing all the parties, and must so continue the suit against the survivors, after suggesting the death of one defendant, seems to be opposed by the statutes. All notes were joint and several. This provision was changed by the act of 1831, which authorized the holder to sue any one or more of the makers. H. & H. Dig. 594, sec. 28. All contracts of partners are declared joint and several. Ib. 596, sec. 29, 30. The 34th section provides, that if a drawer, &e. shall have died before suit brought, a separate suit may be brought again'st his representatives ; and the 40th section provides, that a plaintiff may have the right to discontinue *166 his suit against any indorser or surety. These statutes enlarge the plaintiff’s privilege to the utmost extent, and seem to be sufficiently comprehensive to embrace the case at bar.
Another error assigned is, that there was no issue as against these defendants. All of the defendants had pleaded non assumpsit and payment, on which pleas issues were taken; these were the pleas of the intestate, and of course the pleas of the administrators. That they did not plead to the scire facias is a matter of no consequence; that was mere process to bring them into court to defend the original action; and it is to be presumed they had no answer to make to it which would defeat the action.
Judgment affirmed.